## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**

      **Plaintiff,**

**vs.**                                                          **Case No. 4:14cv676-MW/CAS**

**SAM BRUCE, RANDY FRAZEY,**
**BRYAN PEARSON, MIKE RAGAN,**
**MARTY WEST, MIKE WOMBLE,**
**and the U.S. MARSHALS SERVICE,**

      **Defendants.**

_____/

### <u>REPORT AND RECOMMENDATION</u>

    This case was initiated on December 15, 2014, in the Middle District of Florida.

Doc. 1.  The case was transferred to this Court and has now been reviewed.  Doc. 6.

    Plaintiff, proceeding pro se, submitted a civil rights complaint, doc. 1, a motion to

proceed in forma pauperis, doc. 2, a motion for declaratory judgment, doc. 3, and a

motion for a preliminary injunction, doc. 4.  Plaintiff's in forma pauperis motion has been

granted in a separate Order entered this day.

    Plaintiff is a frequent filer in this Court, filing fifteen cases between 2005 and

2010, and since his July 2, 2014, release from prison, Plaintiff has filed nine more

cases.  The claims raised in this case are based on the same facts as Plaintiff

previously litigated in case number 4:06cv401-RH/WCS, and most recently litigated in

case number 4:14cv341-RH/CAS.  Plaintiff acknowledges both of those cases in the instant complaint, claiming the earlier case was wrongfully dismissed on the erroneous finding that Plaintiff lacked standing and that the latter case was wrongfully dismissed because it was barred by the statute of limitations.  Doc. 1 at 12.  This case cannot be used to challenge the dismissal of prior cases in this Court.  If Plaintiff believes the cases were wrongly decided, the avenue of relief available is to file an appeal in the Eleventh Circuit Court of Appeals.  It is not permissible to continue filing the same case over and over seeking a different result.

The claims against Defendants Marty West and Mike Womble were first resolved in case number 4:06cv401-RH/WCS when Defendant's summary judgment motion was granted.  Docs. 142, 155 of that case.  The claims against the United States Marshals Service were dismissed for failure to state a claim and affirmed on appeal by the Eleventh Circuit.  Doc. 23, doc. 35 at 10.  Plaintiff's appeal was dismissed for lack of prosecution in 2009.  Doc. 175.

Plaintiff's second case filed concerning these events was dismissed in August of 2014 because the claims were barred by the doctrine of *res judicata* and the statute of limitations.  Docs. 6, 8.  Plaintiff filed a notice of appeal of that dismissal.  Doc. 11.  On November 24, 2014, the Eleventh Circuit dismissed the appeal as frivolous.  Doc. 17 of case number 4:14cv341-RH/CAS.

In this third case, Plaintiff again seeks to challenge the search and seizure of weapons removed from the home where Plaintiff was arrested on October 25, 2002.  Doc. 1 at 5.  Indeed, the majority of Plaintiff's relevant factual allegations here (doc. 1 at 10-11) are identical to the recitation of the relevant facts in case number 4:14cv341 (*see*

doc. 1 at 11-12 of that case).  These claims are barred, just as they were barred in case

number 4:14cv341.

Under the doctrine of *res judicata*, "a final judgment on the merits bars the parties

to a prior action from re-litigating a cause of action that was or could have been raised

in that action."  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  In other

words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an

earlier lawsuit.  Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir.

1991).  "Res judicata is a judicially crafted doctrine, created to provide finality and

conserve resources."  Maldonado v. U.S. Atty. Gen., 664 F.3d 1369, 1375 (11th Cir.

2011) (citations omitted).  Plaintiff's claims have been presented numerous times, and it

is time for finality.  No new claims[1] have been presented and, even if they were, it would

be extraordinarily difficult for Plaintiff to show that the new claim could not have been

raised in one of the prior cases.  The resources of this Court should be expended upon

cases which have not already been litigated.

> [A] party seeking to invoke the doctrine must establish ... four initial
> elements: (1) the prior decision must have been rendered by a court of
> competent jurisdiction; (2) there must have been a final judgment on the
> merits; (3) both cases must involve the same parties or their privies; and
> (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296.  All four of these requirements are met in

this case.  The claims arise from the same events on October 25, 2002, when Plaintiff

---

[1] "*Res judicata* applies not only to the precise legal theory presented in the
previous litigation, but to all legal theories and claims arising out of the same operative
nucleus of fact."  Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir. 1992)
(quotation marks omitted).  Additionally, "[c]laims are part of the same cause of action
when they arise out of the same transaction or series of transactions."  In re Justice
Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990).

was arrested for attempted murder and found to be in possession of firearms based on the search of the home where he was arrested.  *See* docs. 39, 142 of case number 4:06cv401; *cf.* doc. 1 of this case and doc. 1 of case number 4:14cv341.  Plaintiff also litigated his claim that the search and seizure of the weapons was unlawful in his habeas petition, brought before this Court in case number 4:06cv452-SPM/WCS.[2]

This is not a case in which Plaintiff has been unable to litigate his issue concerning the search and seizure on October 25, 2002.  Plaintiff's claims were first resolved in case number 4:06cv401-RH/WCS when Defendant's summary judgment motion was granted, and again in his § 2254 habeas petition.  Plaintiff's successive § 1983 claim was rejected as barred by *res judicata* and the statute of limitations in case number 4:14cv341-RH/CAS and his appeal was dismissed as frivolous.  This case must be similarly dismissed and no further judicial review should be made of Plaintiff's claims concerning the events of October 25, 2002.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) because it is barred by *res judicata* and the statute of limitations.  It is further **RECOMMENDED** that Plaintiff's motion for declaratory

---

[2] *See* the Report and Recommendation, doc. 32 of case number 4:06cv452 for a summary of Plaintiff's claims which were addressed on the merits.  The Court concluded that the shotgun and handgun which were found in the attic where Plaintiff had been hiding was lawful as a "proper protective sweep incident to an arrest pursuant to an arrest warrant, even if there had not been a search warrant."  Doc. 32 at 17.  Moreover, there was evidence that a search warrant did exist, that Plaintiff's defense attorney "had not Fourth Amendment claim to make and was not ineffective for pursuing a frivolous motion."  *Id.*

judgment, doc. 3, be **DENIED**, and the motion for a preliminary injunction, doc. 4, be

**DENIED**.

IN CHAMBERS at Tallahassee, Florida, on December 23, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**